PEOPLE v WISEMAN

PEOPLE v ALVIAR

Docket Nos. 64910, 64911. Submitted June 6, 1983, at Grand Rapids. —Decided September 28, 1983. Leave to appeal applied for.

　　Thomas Wiseman and Debbie Alviar were convicted in a joint trial in district court of selling obscene materials. The convictions were upheld on appeal to the Ottawa Circuit Court, Calvin L. Bosman, J. Leave to appeal was denied by the Court of Appeals. Defendants sought leave to appeal in the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for review as if on leave granted. 413 Mich 911 (1982). On appeal, defendants alleged that the trial court erred in refusing to instruct the jury that the defendants could be convicted only if the materials were found to be obscene applying a statewide standard and by failing to instruct the jury that the defendants must have had knowledge of both the contents and the nature or character of the materials. *Held:*

　　1. The trial court properly instructed the jury to apply "contemporary community standards" in judging the materials, without further defining the term "community". The Court of Appeals, on this record, expressed no opinion upon the meaning of the term.

　　2. The defendants need only be shown to have had knowledge of *either* the contents *or* the character of the materials, not both. The trial court did not err in so instructing the jury.

　　Affirmed.

1. Oʙsᴄᴇɴɪᴛʏ — Sᴛᴀɴᴅᴀʀᴅs ғᴏʀ Dᴇᴛᴇʀᴍɪɴɪɴɢ Oʙsᴄᴇɴɪᴛʏ.

　　The standards to be employed by the trier of fact in determining whether material is constitutionally obscene are: (1) whether the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1, 2] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 6, 7.
[2] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 41.
[3] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 11.

the prurient interest; (2) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by state law; and (3) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

2. OBSCENITY — COMMUNITY STANDARDS — JURY INSTRUCTIONS.

A trial court may instruct a jury in a prosecution for sale of obscene materials to view the allegedly obscene materials from the perspective of the average person applying contemporary community standards, without further defining the term "community".

3. OBSCENITY — SCIENTER.

An obscenity statute must include a scienter requirement; to satisfy such a requirement it is sufficient to show that the defendant who is charged with the sale of obscene material knew either the contents or the character of the allegedly obscene materials.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda),* for defendants.

Before: R. M. MAHER, P.J., and GRIBBS and K. N. SANBORN,* JJ.

PER CURIAM. After a joint jury trial in the district court, both defendants were convicted of one count of selling obscene materials, MCL 750.343a; MSA 28.575(1). Each defendant was sentenced to one year of probation, 90 days to be spent in jail with 45 days suspended, and assessed a fine and court costs. Their convictions were later affirmed by the circuit court. The defendants then sought leave to appeal in this Court. Leave was denied. The Supreme Court also denied leave, but,

* Circuit judge, sitting on the Court of Appeals by assignment.

upon a motion for reconsideration, that Court remanded the case to us for review as if on leave granted. 413 Mich 911 (1982).

Defendant Wiseman was the owner of an adult bookstore where defendant Alviar worked as a clerk. About 7:30 p.m. on April 17, 1979, two persons entered the store and purchased three magazines. Two of those magazines were entitled "Homework" and "Black Lust". The defendants were subsequently arrested and charged with two counts of selling obscene materials. After the trial, the jury acquitted the defendants on the charge based on the sale of "Black Lust" but convicted them for the sale of "Homework".

Defendants raise two issues on appeal.

Defendants contend that the trial court erred in refusing to instruct the jury that they could find that the defendants sold obscene materials only if the average person, applying a statewide standard, would find that the work, taken as a whole, appeals to the prurient interest. The court, instead, instructed the jury to consider how the average person would view the material applying "contemporary community standards".

In *People v Neumayer,* 405 Mich 341, 367; 275 NW2d 230 (1979), the Supreme Court construed Michigan's obscenity statute to conform to the minimum constitutional standards set forth in *Miller v California,* 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973). The Court held:

"[T]he standards to be employed by the trier of fact in determining what is constitutionally obscene are those formulated in *Miller:*[22]

" '(a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest;

" '(b) whether the work depicts or describes, in a

patently offensive way, sexual conduct specifically defined by the applicable state law; and

" '(c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.' (Citations omitted.) 413 US 15, 24."

"[22] These standards are to be employed by the trial courts in lieu of the jury instruction found in MCL 750.343b; MSA 28.575(2)."

As the Court's footnote indicates, the trial court is to instruct the jury as to the *Miller* standards. The trial court in the present case so instructed the jury, for, under *Miller,* the fact-finder is to consider whether the average person, applying contemporary "community" standards, would find that the material, taken as a whole, appeals to the prurient interest. The trial court did not err.

We hasten to add, however, that our holding does not sanction jury instructions which tell the jury to apply the standards of the locality or county in which the crime occurred. We do not read the term "community" so narrowly. Nor do we understand the term to necessarily embrace the entire state. In short, we express no opinion as to what content should be given to the term "community". The trial court did not define that term for the jury and, thus, we are not called upon to review any particular definition of the term. We hold only that where the trial court leaves the "community" unspecified, it may instruct the jury to view the allegedly obscene material from the perspective of the average person applying contemporary community standards.

Defendants also argue that the trial court erred in failing to instruct the jury that defendants must have had knowledge of the contents and character or nature of the magazines to be guilty of the

charged crime. The court instructed the jury that defendants needed to have knowledge of *either* the contents, character, *or* nature of the magazines.

An obscenity statute must include a *scienter* requirement to pass constitutional muster. *Smith v California,* 361 US 147; 80 S Ct 215; 4 L Ed 2d 205 (1959); *People v Villano,* 369 Mich 428; 120 NW2d 204 (1963). We do not believe, however, that, to satisfy this requirement, the defendant must know the contents *and* character or nature of the allegedly obscene material. In *Hamling v United States,* 418 US 87, 119-120; 94 S Ct 2887; 41 L Ed 2d 590 (1974), the Court upheld a jury instruction which told the jury that the defendants must have "had knowledge of the character of the materials". Thus, the instruction in the present case was not erroneous.

Affirmed.